# <u>EXHIBIT A</u>

SUMMONS
(CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

RECEIVED
MAY 1 4 2015
LEGAL DEPT
RICHMOND VA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Capital One Services, LLC and Does 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Christine J. Catalano

**F I L E D**
Clerk of the Superior Court

APR 2 4 2015

By M. Quindo, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibido mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego Superior Court, North County Division
325 S. Melrose, Vista, CA 92081

CASE NUMBER:
*(Número del Caso):*
37-2015-00014094-CU-ME-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Doan Law Firm, Karen S. Spicker, 2850 Pio Pico Dr., Carlsbad, CA 92008 (760) 450-3333

| DATE: April 23, 2015   APR 2 8 2015 | Clerk, by | M. Quindo | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
   CAPITAL ONE SERVICES, LLC
3. [✓] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [✓] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



Michael G. Doan, SBN 175649
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
mike@doanlaw.com

Attorney for PLAINTIFF
CHRISTINE J. CATALANO

**F I L E D**
Clerk of the Superior Court

APR 2 4 2015

By M. Quindo, Deputy

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN DIEGO, NORTH COUNTY JUDICIAL DISTRICT

CHRISTINE J. CATALANO,

          Plaintiff,

vs.

CAPITAL ONE SERVICES, LLC, and DOES 1
through 10, inclusive;

          Defendants.

Case No.: 37-2015-00014094-CU-MC-NC

COMPLAINT SEEKING MONETARY
DAMAGES, STATUTORY DAMAGES,
INJUNCTIVE RELIEF; AND
DECLARATORY RELIEF, FOR:

1.) VIOLATION OF CAL. CIV. CODE
§1788.17, (under 15 U.S.C. §1692b(6));

2.) VIOLATION OF CAL. CIV. CODE
§1788.17, (under 15 U.S.C. §1692c(a)(1));

3.) VIOLATION OF CAL. CIV. CODE
§1788.17, (under 15 U.S.C. §1692c(c));

4.) VIOLATION OF CAL. CIV. CODE
§1788.14(c);

5.) NEGLIGENT VIOLATION OF 47 U.S.C.
§227 ET SEQ.;

6.) WILLFUL AND/OR KNOWING
VIOLATION OF 47 U.S.C. §227 ET SEQ.;

JURY TRIAL DEMANDED

AMOUNT IN CONTROVERSY: Exceeds
$25,000.00.

---

*CATALANO V. CAPITAL ONE* COMPLAINT

## I.

## INTRODUCTION

1.  Plaintiff CHRISTINE J. CATALANO (hereinafter "CATALANO" and/or "PLAINTIFF") brings this lawsuit against the DEFENDANTS, CAPITAL ONE SERVICES, LLC and DOES 1-10 INCLUSIVE (hereafter "CAPITAL ONE " or DEFENDANTS), for violations of California Civil Codes §§1788.17, 1788.14, and 42 U.S.C. §227 et seq.

## II.

## FINDINGS AND PURPOSE OF CALIFORNIA CIVIL CODE §1788 et seq., the RFDCPA

2.  The California Legislature made the following findings and purpose in creating Civil Code §1788, the RFDCPA:

    *(1)  The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

    *(2)  There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other.*

    *(3)  It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

---

**CATALANO V. CAPITAL ONE COMPLAINT**

2

3.   On September 3, 1999, "urgency legislation" was passed adding Civil Code §1788.17 to the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair Debt Collection Practices Act ("FDCPA") which also superceded numerous provisions of the RFDCPA, such as Civil Code §1788.14, to the extent inconsistent, and which was enacted in 1977.

4.   The United States Congress has made the following findings and declaration of purpose under the FDCPA:

> *(a)   Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> *(b)   Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers*
>
> *(e)   Purposes. It is the purpose of this title [15 U.S.C.S. §§1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

### III.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA ), 47 U.S.C. §227 GENERALLY

5.   In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in response to a growing number of consumer complaints regarding unwanted telemarketing calls and unwanted automated and prerecorded telephone calls, which Congress found to be a costly nuisance and an invasion of privacy to consumers.

---

**CATALANO V. CAPITAL ONE COMPLAINT**

3

6.   In furtherance of this goal, the TCPA regulates, among other things, the use of any automated telephone dialing system or an artificial or prerecorded voice. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or without the prior express consent of the called party.

7.   Likewise, section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages in any calls to a residential telephone line in the absence of an emergency, the prior express consent of the called party, or order by the Federal Communications Commission ("FCC").

8.   The FCC, which pursuant to the statute has prescribed various regulations implementing the TCPA requirements, held in a recent FCC Declaratory Ruling that prerecorded message calls to a wireless number by a creditor for (or on behalf of a creditor) are permitted only if the calls are made with "prior express consent" of the called party. The FCC held "the creditor should be responsible for demonstrating that the consumer provided prior express consent. The creditors are in the best position to have records kept in the usual course of business showing such consent . . ." In re Rules Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 564 (2007).

9.   Prior express consent is "deemed to be granted only if the wireless number was provided by the consumer to the creditor, and such number was provided during the transaction that resulted in the debt owed." Id. at 564-65.

10.  Although a person who knowingly provides his or her wireless telephone number to a creditor may have consented to receive telephone calls at the number regarding the debt, such consent may be revoked by further instruction from the consumer. Id. at 564. According to the FCC's ruling, any claim that the knowing release of a phone number has given effect to an invitation to be called at the number only exists "absent instructions to the contrary." Id. A written cease and desist order advises a creditor to stop calling and serves to revoke any prior consent.

---

**CATALANO V. CAPITAL ONE COMPLAINT**

4

IV.

JURISDICTION

11. Jurisdiction of this Court arises under California Code Civil Procedure section 410.10 *et seq.*

V.

PARTIES

12. At all times alleged herein. Plaintiff was an individual residing in the City of Carlsbad, County of San Diego, State of California and from whom Defendants sought to collect a consumer debt which was due and owing from Plaintiff or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor," as that term is defined by California Civil Code §1788.2(h).

13. Plaintiff is informed and believes, based and thereon alleges, that Defendant CAPITAL ONE is in the business of issuing and/or servicing credit cards for individuals residing in the County of San Diego, State of California.

14. Defendants and each of them are not an attorney or counselor at law, and in the ordinary course of business Defendants regularly engage in debt collection as that term is defined in California Civil Code §1788.2. Defendants and each of them are a "debt collector," as that term is defined by California Civil Code §1788.2(c) and each Defendant is a "person" as that term is defined by California Civil Code §1788.2(g).

15. Defendants and each of them are and at all times mentioned here were a "corporation" and a "person" as defined by 47 U.S.C. §153(13) and (32).

16. All telephone contacts by Defendants to Plaintiff occurred on Plaintiff's cellular and/or residential telephone via an "automated telephone dialing system" and/or used an "artificial or prerecorded voice" as defined by 47 U.S.C. §227(a)(1) and (b)(1)(A).

CATALANO V. CAPITAL ONE COMPLAINT

5

17. All calls that are the subject of this complaint occurred within one year of filing this complaint.

18. The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When the true names and capacities of such defendants are ascertained, Plaintiff shall amend this complaint to allege the same. Plaintiff is informed and believes, and based thereon alleges, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

19. For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants and each of them herein.

20. The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

## VI.

### FACTS

### Plaintiff Retained Doan Law Firm, LLP

22. Defendants allege that Plaintiff incurred a "debt" with Defendants and each of them, as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. §1692a(5).

---

**CATALANO V. CAPITAL ONE COMPLAINT**

23. On or about January 30, 2014, Plaintiff retained DOAN LAW FIRM, LLP to dispute the validity of the debt, to end communications on the debt under the RFDCPA, to eliminate all personal liability on the debt via Title 11 of the United States Code, to ensure that creditors accurately and completely report account information to each credit reporting bureau, as well as expressly revoke consent, if any, given by the Plaintiff to have Defendants communicate directly with Plaintiff.

24. Specifically, DOAN LAW FIRM, LLP was retained to provide the following seven (7) services:

   1) Stop all future communications and harassment from creditors using Civil Code §1788.14 and §1788.17 of the RFDCPA, (under 15 U.S.C. §1692 *et seq.*);

   2) Dispute the validity of the debt alleged based on 15 U.S.C. §§1692c and 1692d, among other things, the statute of frauds, standing in light of securitization, set off rights, improper fees and interest charges and other state and federal statutes;

   3) Ensure that creditors comply with Civil Code §1785.25(a) and correctly and accurately report to credit reporting agencies information about Plaintiff's account, and fact that the enforceability was disputed;

   4) Eliminate personal liability using Title 11 of the U.S. Code;

   5) Ensure that creditors comply with Civil Code §1785.25 and the Fair Credit Reporting Act (FCRA);

   6) Expressly revoke any prior consent for the purposes of the TCPA; and

   7) Stop any and all future communications and harassments by creditors using prerecorded messages and automatic dialing systems as prohibited under the TCPA.

25. Plaintiff paid money to DOAN LAW FIRM, LLP for the foregoing services.

26. The purported debt owed to Defendants was the subject of a Chapter 7 Bankruptcy and has since been discharged.

**CATALANO V. CAPITAL ONE COMPLAINT**

7

27. Defendants have no further contractual rights to enforce the debt against Plaintiff and Plaintiff has no obligation to pay Defendants.

**Legal Help Was Provided To Protect Plaintiff From Defendants:**

28. DOAN LAW FIRM, LLP sent DEFENDANTS CAPTIAL ONE **THREE (3)** written "Cease and Desist Orders" by regular United States mail on **January 30, 2014.** Plaintiff sent **THREE (3)** more additional "Cease and Desist Orders" "via Certified Mail" on **June 17, 2014** directing Defendants to cease all communications with Plaintiff. United States Post Office verified receipt by CAPITAL ONE on **June 20, 2014** and on **June 23, 2014,** respectively.  True and correct copies of all six (6) Cease and Desist Orders and the proof of service and the corresponding Certified Mail receipts are attached collectively hereto as **Exhibit "A"** and incorporated herein.

29. The written Orders to Defendants specifically provided the following:

   a)   Plaintiff would soon be filing under Title 11 Federal Bankruptcy Protection;

   b)   Advised that Plaintiff refused to pay the debt;

   c)   Advised that Plaintiff disputed the validity of the debt;

   d)   Advised that Plaintiff was now represented by an attorney, DOAN LAW FIRM, LLP with respect to the debt;

   e)   Ordered that Defendants Cease and Desist all further communications with Plaintiff with respect to the debt; and

   f)   Advised that billing statements should be sent to a new address at 2850 Pio Pico Drive, Suite D, Carlsbad, CA 92008.

30. In addition, Plaintiff gave verbal notice to Capital One on at least two occasions and advised that she was represented by an attorney and to stop calling her.

**Defendants Had Actual Knowledge Of Attorney Representation**

---

CATALANO V. CAPITAL ONE COMPLAINT

8

31. Defendants physically received and had actual knowledge of the Cease and Desist Orders.

32. Defendants had actual knowledge of attorney representation by the DOAN LAW FIRM, LLP.

33. Defendants actually knew they had to Cease and Desist all further communications with Plaintiff with respect to the debt.

34. Defendants actually knew Plaintiff refused to pay the debt.

35. Defendants actually knew that Plaintiff disputed the validity of the debt.

36. Defendants actually knew Plaintiff was preparing to file for Federal Bankruptcy Relief under Title 11.

37. Defendants actually knew they were now prohibited from contacting Plaintiff by all means.

38. Defendants actually knew they could no longer call, write, send billing statements, statements of account, or any other communication, except legal process to Plaintiff.

39. Defendants knew they could only communicate with DOAN LAW FIRM, LLP.

40. Defendants knew they could only call, write, send billing statements, and send statements of account, to the DOAN LAW FIRM, LLP at the new address provided.

41. The Official Staff Commentary on Regulation Z 226.2(a)(22)-2 specifically provides:

> "An attorney and his or her client _are considered to be the same person for purpose of this regulation_ when the attorney is acting within the scope of the attorney-client relationship with regard to a particular transaction."

42. Defendants knew that any further communications of any kind with Plaintiff was prohibited, unlawful, illegal, and would subject them to damages.

## DEFENDANTS Committed at least Number (75) Unlawful Communications

---

CATALANO V. CAPITAL ONE COMPLAINT

9

43. Despite knowledge of attorney representation, Defendants intentionally, willfully, deliberately, and knowingly refused to abide by the laws of the RFDCPA, FDCPA, and TCPA, as set forth in the Cease and Desist Orders and communicated with Plaintiff in regard to the alleged debt.

44. Specifically, Defendants continued communications with Plaintiff, as further evidenced by the phone call records and logs. True and correct copies of the same are attached hereto collectively as **Exhibit "B"** and incorporated herein.

45. Defendants continued to make phone calls to Plaintiff from **January** through **June 2014** despite the fact that they received **SIX (6)** written Cease and Desist Orders and **TWO (2)** verbal notices.

46. In fact on **June 24, 2014**, Capital One even sent a letter directly to Plaintiff, as opposed to her attorneys Doan Law Firm. True and correct copies of the letters are attached hereto as **Exhibit "C"** and incorporated herein.

47. Defendants continued to call in violation of the TCPA.

48. The numerous communications evidence a pattern and practice wherein Defendants engaged in unlawful harassment and abuse to coerce payment.

49. Upon receiving payment, Defendants represented that the harassment and abuse would stop and Defendants would restore to Plaintiff right to privacy and peace of mind.

**DEFENDANTS Willfully And Knowingly Violated The RFDCPA:**

50. As a "Debt Collector," Defendants and each of them are fully aware of California's debt collection laws, including the RFDCPA and the FDCPA to the extent incorporated therein.

51. Defendants and each of them are aware that full and complete compliance with the Truth in Lending Act ("TILA") may take place by communicating with Plaintiff's attorney, pursuant to the Official Staff Commentary on Regulation Z 226.2(a)(22)-2, as set forth above.

CATALANO V. CAPITAL ONE COMPLAINT

10

52. There is no conflict of law between the RFDCPA and TILA since Defendants can comply with TILA by sending correspondence to Plaintiff's attorney, instead of Plaintiff.

53. Defendants knew each of its harassing communications were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.* and 15 U.S.C. §1692 *et seq.* as incorporated therein.

54. Defendants' harassing communications, as set forth above, were willful and knowing violations of Title 1.6C of the California Civil Code §1788 *et seq.*, and 15 U.S.C. §1692 *et seq.* to the extent incorporated therein.

55. Defendants' harassing communications, as set forth above, are part of an overall unlawful business pattern and practice whereby Defendants knowingly, willfully, and intentionally enterprised a profitable unlawful collection scheme to derive profits through the incomplete and inaccurate information and through harassing communications and intentional misinterpretation of TILA laws.

56. Defendants rarely, if ever, are pursued or sued over such harassing communications, and reporting violations since very few debtors are aware that their rights are being violated, rarely have the financial resources to pursue such claims, and/or very few attorneys are willing to take on such cases.

57. Defendants are highly motivated to continue their harassing communications since any payments made to resolve any judgments or settlements for such unlawful conduct are minuscule when compared to the overall profits generated from such unlawful conduct.

### DEFENDANTS Willfully And/Or Knowingly Violated
### The Telephone Consumer Protection Act of 1991

58. Plaintiff had a consumer credit card account that had originated with, was assigned to, and/or was serviced by Defendants.

59. As a creditor, Defendants and each of them are fully aware of the TCPA and the regulations it provides.

---

CATALANO V. CAPITAL ONE COMPLAINT

11

60. Plaintiff denies ever providing her cell phone and/or residential telephone number to Defendants with the express consent to be called by an "automatic telephone dialing system" or "artificial or prerecorded voice," or any other method. In fact, Plaintiff is registered with the National Do Not Call Registry which evidences her intent not to be called.

61. Plaintiff further demonstrated she did not consent to any such calls by mailing SIX (6) written cease and desist orders, as set forth above, instructing Defendants to immediately stop all further communications. This is in addition to TWO (2) verbal notices given to Defendants.

62. Defendants knew each of its harassing communications were willful and knowing violations of 47 U.S.C. §227b(1)(A)(iii) and/or 47 U.S.C. §227b(1)(B).

63. Defendants' harassing communications, as set forth above, are part of an overall business practice whereby Defendants knowingly, willfully, and intentionally use automated and prerecorded machines to place calls to consumers, which Congress has explicitly found to be a costly nuisance and an invasion of privacy to such individuals.

64. Defendants willful and knowing violations of the TCPA undermine Congress' purpose and intent behind the Act. As Defendants are rarely ever sued successfully under the TCPA for such violations, Defendants have the incentive to continue their unlawful practices.

**PLAINTIFF Suffered Damages As A Result Of DEFENDANT'S Conduct**

65. As a direct result of Defendants' harassing communications, Plaintiff has incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, depression, humiliation, indignity, pain and suffering, and other injuries. Plaintiff, in receiving numerous phone calls, felt hopeless and felt there was no way out every time.

66. Plaintiff was experiencing severe anxiety which was exacerbated by Defendants ongoing and continuous telephone calls. Plaintiff was unemployed and without insurance so she was not able to obtain prescribed medications to ease her anxiety, which was further exacerbated by the Defendants' incessant phone calls and numerous contacts while Plaintiff was attempting to relax.

67. Plaintiff was also experiencing symptoms of depression and lethargy due to the unrelenting and incessant communications received from Defendants. The calls also affected her ability to search for employment since the calls interfered with incoming calls and caused her so much stress it was hard to concentrate on finding employment.

68. Plaintiff incurred out of pocket monetary damages when attorney fees and costs were paid to the DOAN LAW FIRM, LLP for services provided to protect Plaintiff under the RFDCPA, FDCPA, and TCPA, which ultimately failed.

69. Plaintiff incurred additional incidental actual damages including, but not limited to, gas and transportation costs traveling to the law firm, telephone call charges, postage, and other damages.

70. Plaintiff continues to incur attorney fees and costs in filing this suit and bringing this matter to trial.

71. Defendants' conduct has caused Plaintiff unwarranted and unnecessary time, effort, and expense in seeking to enforce rights guaranteed by California Statute. Plaintiff has incurred mental and emotional distress, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, which will continue to trial.

///
///
///
///

**CATALANO V. CAPITAL ONE COMPLAINT**

## VII.

### SIX (6) CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA (Under 15 U.S.C. §1692b(6))

72. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

73. California Civil Code §1788.17 the RFDCPA provides in pertinent part:

*Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to §1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

74. FDCPA 15 U.S.C. §1692b(6) provides in pertinent part:

*After the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney.*

75. Defendants and each of them violated 15 U.S.C §1692b(6), as incorporated into the RFDCPA, since it contacted and harassed Plaintiff in excess of (75) times after being directly notified of attorney representation at least six (6) time(s) in writing and two times verbally.

76. The foregoing violations of 15 U.S.C §1692b(6) by Defendants resulted in separate violations of California Civil Code §1788.17.

77. California Civil Code §1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692b(6).

78. The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code §1788.30(b), and trigger a penalty of up to $1,000.00.

### SECOND CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA CIVIL CODE §1788.17

### (Under 15 U.S.C. §1692c(a)(2))

79. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

80. California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

> *Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the United States Code.*

81. 15 U.S.C. §1692c(a)(2) as incorporated into §1788.17 the FDCPA provides:

> *Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–*
>> *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . .*

82. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into the RFDCPA since Defendants repeatedly and continuously called and harassed Plaintiff at least (75) times, despite the fact that Plaintiff advised Defendants, in writing and verbally, to contact DOAN LAW FIRM, LLP regarding the alleged debt and stop calling the Plaintiff.

83. Defendants violated 15 U.S.C. §1692c(a)(2), as incorporated into RFDCPA, because they

1    repeatedly contacted and harassed the Plaintiff after being directly notified, in writing and

2    verbally, to cease and desist all further communication.

3    84.    California Civil Code §1788.17 requires that Defendants comply with the provisions of 15

4    U.S.C §1692c(a)(2).

5    85.    The foregoing violations of 15 U.S.C §1692c(a)(2) by Defendants resulted in separate

6    violations of California Civil Code §1788.17.

7    86.    California Civil Code §1788.17 provides that Defendants and each of them are subject to the

8    remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C.

9    §1692c(a)(2).

10   87.    The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of

11   the California Civil Code (RFDCPA), are sole and separate violations under California Civil

12   Code§1788.30(b), and trigger a penalty of up to $1,000.00.

13

14                              **THIRD CAUSE OF ACTION:**

15        **VIOLATION OF CALIFORNIA CIVIL CODE §1788.17 OF THE RFDCPA**

16                          **(Under 15 U.S.C. §1692c(c))**

17

18   88.    Plaintiff realleges and incorporates by reference the above paragraphs as though set forth

19   fully herein.

20   89.    California Civil Code §1788.17 of the RFDCPA provides in pertinent part:

21         *Notwithstanding any other provision of this title, every debt collector collecting or*

22         *attempting to collect a consumer debt shall comply with the provisions of §1692b to*

23         *§1692j, inclusive, of, and shall be subject to the remedies in §1692k of Title 15 of the*

24         *United States Code.*

25   90.    15 U.S.C. §1692c(c) of the FDCPA provides:

26         *If a consumer notifies a debt collector in writing that the consumer refuses to pay a*

27

28

                    **CATALANO V. CAPITAL ONE COMPLAINT**

1    *debt or that the consumer wishes the debt collector to **cease further communication***

2    *with the consumer, the debt collector shall **not communicate** further with the*

3    *consumer with respect to such debt.*

4  91.   DOAN LAW FIRM, LLP sent DEFENDANTS a total of SIX (6) written "Cease and Desist

5       Orders" and Plaintiff gave at least TWO (2) verbal notices to stop calling Plaintiff.

6  92.   Three Cease and Desist letters were sent regular U.S. Mail as evidenced by a Proof of

7       Service dated February 17, 2014.

8  93.   Due to the continuous calls by Defendants, Plaintiff mailed three (3) additional Cease and

9       Desist orders via certified mail on June 18, 2014 directing Defendants to cease all

10      communications with Plaintiff. The returned Certified Mail receipts indicate that said letters

11      were delivered on June 19, 2014 and June 20, 2014, respectively.

12  94.  True and correct copies of the six (6) total Cease and Desist Orders and the corresponding

13      Proof of Service and the Certified Mail receipts" are attached collectively hereto as **Exhibit**

14      **"A"** and incorporated herein. Plaintiff also gave at least **TWO (2)** verbal notices to

15      Defendants to stop calling her.

16  95.  Defendants violated 15 U.S.C. §1692c(c) as incorporated into the RFDCPA because

17      Defendants repeatedly and continuously harassed Plaintiff in excess of (75) times after being

18      directly notified six times in writing and two times verbally, of Plaintiff's representation by

19      counsel.

20  96.  Defendants violated 15 U.S.C §1692c(c), as incorporated into the RFDCPA, because

21      Defendants harassed Plaintiff after being directly notified to cease and desist all further

22      communication.

23  97.  California Civil Code §1788.17 requires that Defendants comply with the provisions of 15

24      U.S.C. §1692c(c).

25  98.  The foregoing violations of 15 U.S.C. §1692c(c) by Defendants resulted in separate

26      violations of California Civil Code §1788.17.

27

28

---

**CATALANO V. CAPITAL ONE COMPLAINT**

17

99.  California Civil Code Section 1788.17 provides that Defendants and each of them are subject to the remedies of 15 U.S.C. §1692k for failing to comply with the provisions of 15 U.S.C. §1692c(c).

100.  The foregoing violations by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil Code Section §1788.30(b), and trigger a penalty of up to $1,000.00.

## FOURTH CAUSE OF ACTION:
### VIOLATION OF §1788.14(c) of the RFDCPA

101.  Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

102.  California Civil Code Section 1788.14(c) provides in pertinent part:

> *No debt collector shall collect or attempt to collect a consumer debts by means of the following:*
>
> > *(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney . . .*

103.  Defendants violated California Civil Code Section §1788.14(c), because Defendants repeatedly contacted and harassed Plaintiff by calling in excess of (75)  times after being directly notified in writing and verbally of attorney representation concerning the debt.

104.  The foregoing act(s) by Defendants were willful and knowing violations of Title 1.6C of the California Civil Code (RFDCPA), are sole and separate violations under California Civil

---

CATALANO V. CAPITAL ONE COMPLAINT

18

Code Section §1788.30(b), and trigger a penalty of up to $1,000.00.

## FIFTH CAUSE OF ACTION:

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

## ACT 47 U.S.C. §227 et seq.

105.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

106.   Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) and (B) provides in pertinent part:

> *(1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -*
>
> > *(A) to make any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice -*
> >
> > *. . .*
> >
> > > *(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.*
> >
> > *(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message . . .*

107.   Defendants violated 47 U.S.C. §227 *et seq.* since Defendants called and harassed Plaintiff at least (75) times using an "automated telephone dialing system," as that term is defined by 47 U.S.C. §227a(1). A true and correct copy of the "Unlawful Communications Log" is attached hereto as Exhibit "B", and is incorporated herein.

108.   During these telephone calls, Defendants used "an artificial or prerecorded voice," as

---

CATALANO V. CAPITAL ONE COMPLAINT

1    prohibited by 47 U.S.C. §227b(1)(A) and (B).

2    109.    Defendants placed these calls to a telephone number assigned to a residential telephone line

3        and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls

4        pursuant to 47 U.S.C. §227b(1)(A) and (B).

5    110.    These telephone calls were not placed by Defendants for emergency purposes, within the

6        meaning of 47 U.S.C. §227b(1)(A) and (B).

7    111.    Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to

8        Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing

9        system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C.

10        §227b(1)(A) and (B). In fact Plaintiff was on the National Do Not Call Registry and also

11        gave verbal notice on two occasions to stop calling her.

12    112.    In the event Defendants allege they obtained the prior express consent of Plaintiff to receive

13        such automated calls, Plaintiff expressly and explicitly revoked any such consent in

14        writing when Plaintiff sent SIX (6) "Cease and Desist Orders" stating to stop such repetitive

15        and harassing calls. A true and correct copy of the Cease and Desist Orders and the

16        corresponding Proof of Service and Certified Mail receipts are attached collectively hereto as

17        Exhibit "A" and incorporated herein.

18    113.    Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants

19        to demonstrate Plaintiff provided express consent within the meaning of the statute.

20        Defendants have failed to meet their burden since no written express consent exists. In the

21        alternative, even if Defendants allege such initial consent existed at a prior time, Defendants

22        have failed to meet their burden once the cease and desist letters expressly and explicitly

23        revoked any such consent in writing.

24    114.    Defendants' calls do not fall within any exception by rule or order of the Commission, as

25        provided by 47 U.S.C. §227b(B).

26    115.    The foregoing violations of 47 U.S.C. §227b(1) by Defendants trigger a recovery of $500 in

27

28

---

**CATALANO V. CAPITAL ONE COMPLAINT**

1    statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C.

2    §227b(3).

3

4                              SIXTH CAUSE OF ACTION:

5    KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER

6                      PROTECTION ACT 47 U.S.C. §227 et seq.

7    116.   Plaintiff realleges and incorporates by reference the above paragraphs as though set forth

8           fully herein.

9    117.   Telephone Consumer Protection Act of 1991, 47 U.S.C. §227(b)(1)(A)(iii) provides in

10   pertinent part:

11                     *(1) It shall be unlawful for any person within the United States, or any person*

12                     *outside the United States if the recipient is within the United States -*

13                            *(A) to make any call (other than a call made for emergency purpose or*

14                            *made with the prior express consent of the called party) using any*

15                            *automatic telephone dialing system or an artificial or prerecorded voice -*

16                            *. . .*

17                                   *(iii) to any telephone number assigned to a paging service, cellular*

18                                   *telephone service, specialized mobile radio service, or other radio*

19                                   *common carrier service, or any service for which the called party is*

20                                   *charged for the call.*

21   118.   Defendants violated 47 U.S.C. §227b(1)(A) since Defendants knowingly and willingly called

22          and harassed Plaintiff at least (75) times using an "automated telephone dialing system," as

23          that term is defined by 47 U.S.C. §227a(1).  A true and correct copy of the "Unlawful

24          Communications Log" is attached hereto as **Exhibit "B"**, and is incorporated herein.

25   119.   During these telephone calls, Defendants knowingly and willingly used "an artificial or

26          prerecorded voice," as prohibited by 47 U.S.C. §227b(1)(A).

27

28
   _____

                    CATALANO V. CAPITAL ONE COMPLAINT

                                     21

120. Defendants knowingly and willingly placed these calls to a residential telephone line and/or cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227b(1)(A) and (B).

121. These telephone calls were not placed by Defendant for emergency purposes as defined by 47 U.S.C. §227b(1)(A)(I).

122. Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's residential and/or cellular phone placed by an "automatic telephone dialing system" or utilizing an "artificial or prerecorded voice," within the meaning of 47 U.S.C. §227b(1)(A) and (B).  In fact, Plaintiff was on the National Do Not Call Registry and verbally advised Defendants to stop calling her on at least two occassions.

123. In the event Defendants allege they obtained the prior express consent of Plaintiff to receive such automated calls, Plaintiff **expressly and explicitly revoked any such consent** in writing when Plaintiff sent **six (6)** "Cease and Desist Orders" stating to stop such repetitive and harassing calls.  True and correct copies of the Cease and Desist Orders and the corresponding Proof of Service and the Certified Mail receipts are attached collectively hereto as **Exhibit "A"** and incorporated herein.

124. Under the TCPA and pursuant to the FCC's Declaratory Ruling, the burden is on Defendants to demonstrate Plaintiff provided express consent within the meaning of the statute.  Defendants have failed to meet their burden since no written express consent exists.  In the alternative, even if Defendants allege such initial consent existed at a prior time, Defendants have failed to meet their burden once the cease and desist letters expressly and explicitly revoked any such consent in writing.

125. Defendants' calls do not fall within any exception by rule or order of the Commission, as provided by 47 U.S.C. §227b(B).

126.   The foregoing violations of 47 U.S.C. §227b(1) by Defendants were knowing and/or willful, which entitle Plaintiff to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. §227b(3).

## VIII.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, respectfully prays this Court grant relief for statutory, general, special, consequential, and incidental damages according to proof, but not less than $25,000.00.

Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A.   **Actual Economic Damages** totaling in excess of **$5,000.00**, consisting of attorney fees previously paid to DOAN LAW FIRM, LLP to end the harassment, and in transportation, gasoline, telephone call charges, and postage, pursuant to California Civil Code §1788.30(a); **$1,000.00 Additional Damages** pursuant to California Civil Code §1788.17 incorporating 15 U.S.C. §1692k; and other economic damages accruing prior to the Order for Bankruptcy Relief;

B.   **Actual Non-Economic Damages** of at least **$15,000.00** pursuant to California Civil Code §1788.30(a) for mental and emotional distress, anxiety, fear, embarrassment, distractions at place of work, and other injuries;

C.   **Statutory Penalties** of at least **$1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692b(6));

D.   **Statutory Penalties** of at least **$1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(a)(2));

E.   **Statutory Penalties** of at least **$1,000.00** against Defendants arising from violations of Civil Code §1788.17 (under 15 U.S.C. §1692c(c));

---

CATALANO V. CAPITAL ONE COMPLAINT

23

F. **Statutory Penalties of at least $1,000.00** against Defendants arising from violations of Civil Code §1788.14(c);

G. **Statutory Penalties of at least $1,500.00** as against Defendants arising for each and every violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(B);

H. **Alternatively**, if the Court finds Plaintiff is not entitled to statutory penalties of $1,500.00 for each violation of 47 U.S.C. §227(b)(1), Plaintiff requests **Statutory Penalties of up to $500.00** as against Defendants arising for each and every violation of 47 U.S.C. §227(b)(1) pursuant to 47 U.S.C. §227(b)(3)(C), and as further proof may reveal;

I. **Costs of Litigation and reasonable Attorney's Fees** against Defendants pursuant to California Civil Code §§1788.14, 1788.17, and Cal. Code Civ. Proc. §1021.5.

J. **Injunctive Relief** against Defendants, restraining them from any further contact with Plaintiff and from reporting incomplete and inaccurate information to credit reporting agencies;

K. **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiff was in violation of California Civil Code Section §§1788.14, and 1788.17; and

L. Such other and further relief as the Court may deem just and proper.

Dated: April 23, 2015

Respectfully submitted,

**DOAN LAW FIRM, LLP**

By: *Karen S. Spicker*
Karen S. spicker
Michael G. Doan, Esq.
Attorney for Plaintiff
Christine J. Catalano

---

**CATALANO V. CAPITAL ONE COMPLAINT**

24

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8031 |

| PLAINTIFF(S) / PETITIONER(S): | Christine J Catalano |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Capital One Services LLC |

CATALANO VS. CAPITAL ONE SERVICES LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2015-00014094-CU-MC-NC |
|---|---|

**CASE ASSIGNMENT**

Judge:  Timothy M. Casserly                                    Department: N-31

**COMPLAINT/PETITION FILED:** 04/24/2015

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/02/2015 | 09:00 am | N-31 | Timothy M. Casserly |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 30 days.  After that time it will be destroyed and recycled.  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.**  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2015-00014094-CU-MC-NC    CASE TITLE:

Catalano vs. Capital One Services LLC [IMAGED]

<u>NOTICE:</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:       325 S. Melrose

MAILING ADDRESS:     325 S. Melrose

CITY, STATE, & ZIP CODE: Vista, CA  92081-6695

BRANCH NAME:      North County

PLAINTIFF(S):   Christine J Catalano

DEFENDANT(S): Capital One Services LLC

SHORT TITLE:     CATALANO VS. CAPITAL ONE SERVICES LLC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2015-00014094-CU-MC-NC |
|---|---|

Judge: Timothy M. Casserly                               Department: N-31

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)          ☐  Non-binding private arbitration

☐  Mediation (private)               ☐  Binding private arbitration

☐  Voluntary settlement conference (private)      ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)          ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                   Name of Defendant

_____          _____
Signature                       Signature

_____          _____
Name of Plaintiff's Attorney             Name of Defendant's Attorney

_____          _____
Signature                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  04/28/2015                _____
                            JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

3

Michael G. Doan, SBN 175649
Doan Law Firm, LLP
2850 Pio Pico Drive, Suite D
Carlsbad, CA 92008
Phone (760) 450-3333 • Fax (760) 720-6082
mike@doanlaw.com

Attorney for PLAINTIFF
CHRISTINE J. CATALANO

**F I L E D**
Clerk of the Superior Court

APR 2 4 2015

By M. Quindo, Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO, NORTH COUNTY JUDICIAL DISTRICT

CHRISTINE J. CATALANO,

            Plaintiff,

vs.

CAPITAL ONE SERVICES, LLC, and DOES 1
through 10, inclusive;

            Defendants.

Case No.: 37-2015-00014094-CU-MC-NC

**COMPLAINT SEEKING MONETARY
DAMAGES, STATUTORY DAMAGES,
INJUNCTIVE RELIEF; AND
DECLARATORY RELIEF, FOR:**

1.) VIOLATION OF CAL. CIV. CODE
§1788.17, (under 15 U.S.C. §1692b(6));

2.) VIOLATION OF CAL. CIV. CODE
§1788.17, (under 15 U.S.C. §1692c(a)(2));

3.) VIOLATION OF CAL. CIV. CODE
§1788.17, (under 15 U.S.C. §1692c(c));

4.) VIOLATION OF CAL. CIV. CODE
§1788.14(c);

5.) NEGLIGENT VIOLATION OF 47 U.S.C.
§227 ET SEQ.;

6.) WILLFUL AND/OR KNOWING
VIOLATION OF 47 U.S.C. §227 ET SEQ.;

**JURY TRIAL DEMANDED**

**AMOUNT IN CONTROVERSY:** Exceeds
$25,000.00.

*CATALANO V. CAPITAL ONE* COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br>Michael G. Doan, SBN 175649 and Karen S. Spicker, SBN 127934 <br>Doan Law Firm <br>2850 Pio Pico Drive <br>Carlsbad, CA 92008 <br>TELEPHONE NO.: (760) 450-3333    FAX NO.: (760) 720-6082 <br>ATTORNEY FOR *(Name):* Plaintiff Christine J. Catalano | **FOR COURT USE ONLY** <br><br>**F I L E D** <br>Clerk of the Superior Court <br><br>APR 2 4 2015 <br><br>By M. Quindo, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego
STREET ADDRESS: 325 Melrose Drive
MAILING ADDRESS: 325 Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Division

CASE NAME:
Christine J. Catalano v. Capital One Services, LLC and Does 1010

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | 37-2015-00014094-CU-MC-NC |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[ ] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive

4. Number of causes of action *(specify):*

5. This case [ ] is  [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 23, 2015
Michael G. Doan and Karen S. Spicker
_____
(TYPE OR PRINT NAME)

_Karen S. Spicker_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br>Judicial Council of California <br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br>Cal. Standards of Judicial Administration, std. 3.10 <br>www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Capital One Services, LLC and Does 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Christine J. Catalano

**F I L E D**

Clerk of the Superior Court

APR 2 4 2015

By M. Quindo, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego Superior Court, North County Division
325 S. Melrose, Vista, CA 92081

**CASE NUMBER:**
*(Número del Caso):*

37-2015-00014094-CU-MC-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Doan Law Firm, Karen S. Spicker, 2850 Pio Pico Dr., Carlsbad, CA 92008 (760) 450-3333

| | | | | |
|---|---|---|---|---|
| DATE: April 23, 2015 APR 2 8 2015 | Clerk, by | M. Quindo | , Deputy |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| | | | | | For Court Use Only |
|---|---|---|---|---|---|
| *Attorney or Party without Attorney:*<br>MICHAEL G. DOAN, ESQ., SBN 175649<br>DOAN LAW FIRM, LLP<br>2850 PIO PICO DRIVE<br>SUITE D<br>CARLSBAD, CA  92008<br>*Telephone No:* 760-450-3333       *FAX No:* 760-720-6082 | | | | | |

| *Attorney for:* Plaintiff | *Ref. No. or File No.:* |
|---|---|

*Insert name of Court, and Judicial District and Branch Court:*

SAN DIEGO COUNTY SUPERIOR COURT, NORTH COUNTY DIVISION

*Plaintiff:* CHRISTINA J. CATALANO

*Defendant:* CAPITAL ONE SERVICE, LLC

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>37-2015-00014094-CU-MC-NC |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE; NOTICE OF ELIGIBILITY TO EFILE AND ASSIGNMENT TO IMAGING DEPARTMENT; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

*3.  a. Party served:*          CAPITAL ONE SERVICES, LLC
    *b. Person served:*       SARAH SCOTT, ADMINISTRATIVE ASSISTANT, AUTHORIZED TO ACCEPT

*4.  Address where the party was served:*       1680 CAPITAL ONE DRIVE
    MCLEAN, VA  22102

*5.  I served the party:*
    a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Tue., May. 12, 2015 (2) at: 10:29AM
6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:*  CAPITAL ONE SERVICES, LLC
    *Other:*   a limited liability company.

*7.  Person Who Served Papers:*                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. LEE KERNS                          d.  *The Fee for Service was:* $247.51
    **b. FIRST LEGAL SUPPORT**              e.  I am: Not a Registered California Process Server
    3737 N 7TH ST
    SUITE 125
    PHOENIX, AZ  85014
    c. 602-248-9700

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date: Wed, May. 13, 2015*

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUMMONS & COMPLAINT | (LEE KERNS) <br>*610227    .doala.701322* |
|---|---|---|